# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MEGAN VOEKS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> vs. <br><br> PATENAUDE & FELIX, A.P.C., <br><br> Defendant. | Case No.: 2:18-cv-01393-LA <br><br> **JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Hon. Lynn Adelman |

NOW COME Plaintiff Megan Voeks ("Plaintiff"), by her attorneys and Class Counsel, Mark A. Eldridge and Ben J. Slatky, Ademi & O'Reilly, LLP, and Defendant Patenaude & Felix, A.P.C. ("Defendant" or "Patenaude"), by its attorney Brian Melendez, Barnes & Thornburg LLP, and for their Joint Motion for Preliminary Approval of Class Action Settlement state as follows:

1. This action was brought by Plaintiff on her behalf and on behalf of all other persons similarly situated to Plaintiff.

2. Plaintiff's alleged claims under the Fair Debt Collection Practices Act ("FDCPA") are based on a collection letter sent by Defendant to the Plaintiff and the Class.

3. Plaintiff moves the Court to certify a class of similarly situated individuals, and seeks to have the Court appoint Plaintiff as the Class Representative and Ademi & O'Reilly, LLP as Class Counsel.

4. Defendant has denied, and continues to deny, liability to the Plaintiff or any putative class for the claims alleged herein, but considers it desirable that the action and the claims alleged therein be settled.

5. The parties desire to settle the action based upon the terms and conditions set forth in the Class Settlement Agreement executed by the parties, attached hereto as Exhibit A.

6. For the purposes of settlement only, the parties have stipulated to the certification of the following class ("Class"):

> (a) all natural persons in the State of Wisconsin (b) who are not members of the proposed settlement class in *Acosta v. Patenaude & Felix, A.P.C.*, No. 3:19-cv-00954-CAB-BGS (S.D. Cal.), (c) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (d) seeking to collect a debt incurred for personal, family, or household purposes, (e) between September 7, 2017 and September 7, 2018, inclusive, (f) that was not returned by the postal service.

The Class includes approximately 535 persons, according to Defendant's records. The proposed Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

7. Solely for the purposes of settlement, this motion for preliminary approval thereof, and to effectuate the proposed settlement, Defendant does not dispute that a class should be certified for settlement purposes only. Defendant also acknowledges federal courts favor settlement of class action litigation. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

8. Class Counsel and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and/or trial, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, and after arms-length negotiations, Plaintiff, on behalf of herself and the putative Class, and Defendant entered into the Class Settlement Agreement.

9. Pursuant to the Class Settlement Agreement, Plaintiff and Defendant has agreed as follows:

(a) <u>Relief to Plaintiff</u> – Plaintiff shall receive $3,000.00 as a combination of both her individual alleged damages and an incentive award for serving as class representative;

(b) <u>Relief to Class</u> – Those who return a claim form in a timely basis and do not exclude themselves shall receive a *pro rata* share of $4,750.00, up to a maximum of $90.00 per claim;

(c) <u>Attorneys' fees</u> – Subject to Court approval, Class Counsel will receive $34,000.00 in attorneys' fees and costs. Defendant will not oppose said request so long as all other provisions of the Agreement are approved; and

(e) <u>Class Notice</u> – Plaintiff will pay the cost of providing notice to the Class and Defendant will pay all costs associated with the distribution of the class recovery. Either party may do either or both of these things itself internally, or through a claims administrator and/or mailing service. Class members shall have forty five (45) days to opt-out or to object to the proposed settlement or to return a claim form.

11. The Class Representative and Class Counsel believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the Class.

WHEREFORE, Class Counsel and Defendant respectfully request that this Court enter an Order in the form of <u>Exhibit B</u> to this motion (the "Preliminary Approval Order), which:

(i) Grants preliminary approval of the proposed settlement;

(ii) Directs the mailing of notice in the form of <u>Exhibit C</u> to this motion subject to any modification deemed necessary by the Court;

(iii) Appoints Megan Voeks as Class Representative of the Class;

(iv). Appoints Mark A. Eldridge and Ben J. Slatky and Ademi & O'Reilly, LLP as Class Counsel;

(v) Sets dates for class members to opt-out or to object or return a claim form;

(vi) Sets a time frame for Plaintiff to mail class notice; and

(vii) Schedules a hearing for final approval, which will include consideration of an Order granting final approval of this Class Action Settlement (the "Final Order"), a proposed copy of which is attached hereto as <u>Exhibit D</u>.

| | |
|---|---|
| **ADEMI & O'REILLY, LLP** | **BARNES & THORNBURG LLP** |
| Mark A. Eldridge | Brian Melendez |
| Ben J. Slatky | Suite 2800 |
| 3620 East Layton Avenue | 225 South Sixth Street |
| Cudahy, WI 53110 | Minneapolis, MN 55402-4662 |
| | |
| /s/ Mark A. Eldridge | /s/ Brian Melendez |
| *Counsel for Plaintiff and Proposed Class* | *Counsel for Defendant* |